J-S68032-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ADAM REX PASTORIES :
:
Appellant : No. 545 WDA 2018

Appeal from the PCRA Order April 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003065-2012

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS: FILED DECEMBER 27, 2018

Appellant, Adam Rex Pastories, appeals from the order of the Court of

Common Pleas of Allegheny County, entered April 10, 2018, that dismissed

Appellant's first petition filed under the Post Conviction Relief Act ("PCRA")[1]

without an evidentiary hearing. After a careful review, we affirm.

On May 21, 2012, at docket number CP-02-CR-0003065-2012 ("No.

3065-2012"), Appellant pleaded guilty to indecent assault – person

unconscious.[2] That same day, he was sentenced to six to twelve months of

confinement, followed by two years of probation, and was ordered to register

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541–9546.

[2] 18 Pa.C.S.A. § 3126(a)(4).

J-S68032-18

with the Pennsylvania State Police for ten years. N.T., 5/21/2012, at 7. Appellant did not file post-sentence motions or a direct appeal.

On September 5, 2015, at docket number CP-02-CR-0011675-2015 ("No. 11675-2015"), Appellant was charged with two counts of failure to comply with registration requirements for: (1) not registering with the Pennsylvania State Police; and (2) not verifying his address.[3] Appellant pleaded guilty to these counts on March 3, 2016.

On January 17, 2018, Appellant filed his first, pro se PCRA petition at No. 3065-2012. On January 23, 2018, the PCRA court appointed counsel to represent Appellant. The court ordered PCRA counsel to file an amended petition by February 22, 2018; PCRA counsel filed an amended PCRA petition on February 23, 2018.[4] On March 16, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On April 10, 2018, the PCRA court dismissed Appellant's petition. On April 16, 2018, Appellant filed this timely appeal.[5]

Appellant presents the following issue for our review:

_____

[3] 18 Pa.C.S.A. § 4915.1(a)(1) and (2), respectively.

[4] The Commonwealth did not object to the amended PCRA petition being filed a day after the due date assigned in the order of January 23, 2018.

[5] Appellant simultaneously filed a statement of errors complained of on appeal. The trial court entered its opinion on July 9, 2018.

1.    Did the trial court err in denying Appellant's PCRA petition since Appellant's convictions at 11675-2015 were unconstitutional since when sentenced and paroled from the ACJ[6] on 8/22/12 at 3065-2012, he was under a 10 year registration, with a window of 10 days to report any change of address, which was unconstitutionally decreased on 12/20/12 to 3 days pursuant to [the Sexual Offender Registration and Notification Act ("SORNA")[7]], and the charges at 11675-2015 were filed on 9/5/15, only five days after Appellant had moved from his reported address on 8/30/15 (well within the 10 day period, until 9/9/15, that Appellant had to report); he was convicted of crimes at 11675-2015, but no crimes ever occurred, and therefore the trial court erred in failing to vacate the convictions at 11675-2015?

Appellant's Brief at 3.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error."  Commonwealth v. Andrews, 158 A.3d 1260, 1263 (Pa.Super. 2017) (citation omitted).  The timeliness of a post-conviction petition is jurisdictional.  Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa.Super. 2013).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the

_____

[6] Appellant does not clarify the abbreviation "ACJ" anywhere in his brief to this Court.  We construe ACJ to stand for "Allegheny County Jail."

[7] 42 Pa.C.S.A. §§ 9799.10-9799.41.

statute. See 42 Pa.C.S.A. § 9545(b)(1). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In the case sub judice, the PCRA court concluded that it lacked jurisdiction over Appellant's first PCRA petition because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. Appellant did not file any post-sentence motions or a direct appeal, and thus, his judgment of sentence became final thirty days after his sentencing. Pa.R.A.P. 903(a). Appellant had one year thereafter to file a PCRA petition, i.e. until June 20, 2013. 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current petition on January 17, 2018. Therefore, Appellant's petition was patently untimely.

Nevertheless, Appellant attempts to circumvent the time bar by asserting the "new retroactive right" exception under subsection 9545(b)(1)(iii), relying upon Commonwealth v. Muniz, 164 A.3d 1189 (Pa.

2017), which held that SORNA's registration provisions are punitive and that retroactive application thereof violates the federal and state ex post facto clauses. Appellant contends that the holding in *Muniz* thereby created a new constitutional right that retroactively applies to him because he was subject to SORNA's registration requirements.

However, Appellant's reliance on *Muniz*, 164 A.3d 1189, is misplaced. In *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002), the Supreme Court of Pennsylvania explained that subsection 9545(b)(1)(iii) has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Abdul-Salaam*, 812 A.2d at 501.

While this Court has held that "*Muniz* created a substantive rule that retroactively applies in the collateral context," *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017),[8] the Supreme Court of

_____

[8] Unlike in the current action, the PCRA petition in *Rivera-Figueroa* was timely, and the subsection 9545(b)(1) exceptions were inapplicable. *Id.*, 174 A.3d at 677.

Pennsylvania has not. As this Court explained in Commonwealth v. Murphy, 180 A.3d 402 (Pa.Super. 2018):

> [B]ecause Appellant's PCRA petition is untimely . . . , he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.[1]
>
> > [1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Appellant can then file a PCRA petition . . . attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

Id. at 405-06 (citation omitted) (emphasis in original).

Thus, in the current appeal, pursuant to Murphy, 180 A.3d at 405-06, Appellant cannot rely on Muniz to meet the timeliness exception. Even if we were to conclude that Appellant may rely on Muniz to establish a timeliness exception, it is well-settled that a petition invoking an exception must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2); see also Commonwealth v. Whitehawk, 146 A.3d 266, 268 (Pa.Super. 2016) (clarifying that PCRA petition must be submitted within sixty days of the date the relevant decision was filed, not within sixty days of the date the petitioner first became aware of the decision). Our Supreme Court decided Muniz on July 19, 2017. See Muniz, 164 A.3d at 1189. Appellant did not file the instant PCRA petition until January 17, 2018, well beyond the sixty-day threshold. Accordingly, Appellant would not have

timely raised a Section 9545(b)(1)(iii) exception, even if Muniz were to apply retroactively. See Whitehawk, supra.

Accordingly, having discerned no error of law by the PCRA court, we affirm the PCRA order. See Andrews, 158 A.3d at 1263.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/27/2018